## McCORMICK vs. KENYON & ROCKFORD.

If the plaintiff fails to make profert of the instrument of writing mentioned in his declaration, and which is the foundation of his action, it is a substantial defect in the declaration.

### ERROR TO BOONE CIRCUIT COURT.

RYLAND, Judge, delivered the opinion of the court:

The plaintiff, McCormick, commenced his action of assumpsit against the defendants in the Boone circuit court, by filing his declaration on the 3rd day of September in the year 1846.

The first count in said declaration, is founded upon a written agreement between the parties; yet the declaration contains no profert thereof.

The defendants, at the return term of the writ, appear and demur to the declaration. The court sustains the demurrer, and gives judgment thereon against the plaintiff as to the matters and things set forth in his first count of the said declaration.

The plaintiff then moves the court to set aside this judgment, which motion is overruled. The plaintiff then suffers a voluntary nonsuit, and moves afterwards to set it aside, which motion is also overruled.

I mention these facts as they appear on the record, on account of their anomaly.

When the defendant demurs to a plaintiff's declaration, and judgment be given on the demurrer for either party, this judgment can be renewed by this court upon the record as it stands. No motion to set aside the judgment is ever required in such a case, nor need a nonsuit be taken with motion to set it aside. The demurrer to the declaration and judgment thereon, bring up the merits of the declaration before the court.

This declaration, so far as regards the first count, is obviously defective. The instrument of writing mentioned is the foundation of the action. The agreement is averred to be in writing, and it being the cause of the suit, and its basis, and not merely inducement thereto, it should have been shown to the court; profert should have been made of it. See Practice at Law, article III. sec. 17, Rev. Code, 1845, page 811. This section declares that "duplicity or want of profert, when necessary, is a substantial objection to the declaration or other pleadings." See 23rd section of same article, page 812, requiring profert.

This is a substantial defect. The court was bound to sustain the demurrer to the first count. This count is also very carelessly drawn. The dates and times in which the plaintiff avers he commenced work are left blank.

We will let the judgment below stand affirmed.