Rothwell v. Morgan.

------◄●●►------

EDWARD ROTHWELL, Appellant, v. STEPHEN D. MORGAN, Respondent.

| 37 | 107 |
| 37a | 220 |
| 37 | 107 |
| 40a | 336 |
| 37 | 107 |
| 54a | 12 |
| 37 | 107 |
| 76a | 347 |

1. *Practice—Written Instrument.*—Where suit is brought upon a written instrument which is not alleged to be lost or mislaid, if it be not filed with the petition, the defendant may, after answer, move to dismiss the suit. (R. C. 1855, p. 1240-1, §§ 59-60.)

*Appeal from St. Louis Law Commissioner's Court.*

*Gardner*, for appellant.

*Lackland, Cline & Jamison*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff commences his action against the defendant in the Law Commissioner's Court of St. Louis county. The petition was founded on a written instrument, which was not filed in the cause, nor was there any allegation that it was lost or destroyed.

The defendant filed his answer, and subsequently filed three several motions to dismiss. One of the reasons assigned for dismissal was that the petition was founded upon an instrument of writing charged to have been executed by the defendant, which instrument of writing was not in said petition alleged to have been lost or destroyed, nor was it filed with the petition. The court sustained the motion, and dismissed the cause.

The law evidently contemplates that in every instance where a written instrument executed by a party is the foundation of an action, it shall be filed with the petition. Provision is made for prosecuting an action or maintaining a defence when the instrument is lost or destroyed, but in every such case the loss or destruction of the instrument must be alleged as an excuse for a failure to file the same. (R. C. 1855, p. 1240–1, §§ 59–60.) The omission to file the instrument with the petition, or to allege its loss or destruction, was such a defect as was not waived by a failure to raise the objection by demurrer or answer.

The judgment is affirmed. Judge Holmes concurs; Judge Lovelace absent.