ZADOCK HOOK, ADM'R OF MARTHA T. DYER, DEC'D, Plaintiff in Error, *v.* JOHN J. MURDOCH AND CHARLES K. DICKSON, Defendants in Error.

*Practice—Note—Filing Instrument.*—A petition upon a note not filed with the petition, nor alleged to be lost or destroyed, but giving as an excuse for not filing the note that it is held by a third party, is defective upon demurrer.

*Error to St. Louis Court of Common Pleas.*

*Wood & Mauro,* and *H. C. Hayden,* for plaintiff in error.

I. If the negotiable instrument be lost, there can be no remedy upon it at law, unless it was in such a state that no

person but the plaintiff could have acquired a right to sue thereon; otherwise the defendant would be in danger of paying twice: therefore, wherever the danger of a double liability exists, as in the case of a bill or note, actually negotiated in blank, which has been lost or stolen, the claim of the former endorsee or holder has been rejected. On the other hand, if there be no danger that the defendant will ever be made liable, as if it be proved to have been actually destroyed, or if the endorsement was specially restricted to the plaintiff, or if the instrument were not endorsed, the plaintiff has been permitted to recover upon secondary evidence of the contents of the bill—2 Greenl. Ev. § 164, and authorities; Pierson v. Hutchinson, 2 Camp. 211; Swift v. Levens, 8 Conn. 431; Anderson v. Robson, 2 Bay, 495; Rowley v. Ball, 3 Cow. 303.

II. The fact that the plaintiff has not actual possession of the note sued on does not affect his right to recover upon it. It is sufficient if he have a right to the money due upon it, although the instrument has been deposited with a third person in pursuance to an agreement between the parties—Seldon v. Pringle, 17 Barb. 458; Smith v. McClure, 5 East, 476; 2 Saund. 47, n. 1; Edw. Bills Exch. 302; 2 Kern. 313; 10 John, 172.

III. Story lays down the doctrine that equity will not entertain jurisdiction for relief upon a lost negotiable note; and the reason given is, that there is an adequate remedy at law, because there is no supposed inability to recover at law upon a note or unsealed contract, because no *profert* is necessary, and no *oyer* allowed at law of such instruments. Its jurisdiction is confined to cases alone where there is no adequate remedy at law, and the danger of a double liability exists, as in a case of a blank endorsement and subsequent loss of the instrument, in which case its jurisdiction to compel the plaintiff to give a bond of indemnity is the ground for its interposition—1 Sto. Eq. 85. But whether the relief exists at law or in equity, under our practice the two systems are combined; and there is certainly sufficient upon the face of the petition to entitle the plaintiff to recover, if necessary, by re-

quiring a bond of indemnity; but, certainly, a recovery can be had either with or without such bond. Further than this, to make assurance doubly sure, they can do that which Story says the plaintiff cannot do—they can appeal to a court of equity, by bill *quia timet*, and can have the note wrongfully withheld delivered up to be cancelled—2 Sto. Eq. § 705 ; or they can proceed by injunction to restrain its negotiation— ib. § 906.

*T. T. Gantt*, for defendants in error.

WAGNER, Judge, delivered the opinion of the court.

This was a suit instituted on a promissory note by plaintiff, who claims to be public administrator of Callaway County, and in that capacity has in charge the assets belonging to the estate of Martha T. Dyer, deceased. The petition alleged that the note was executed by the defendants Murdoch & Dickson to the plaintiff's intestate, on the 1st day of June, 1859; that Martha T. Dyer died on the 27th day of July, 1862, still possessed of the note ; and as an excuse for not filing the note with the petition, there was an averment that the said note was wrongfully withheld and retained from the plaintiff by one Thomas B. Dyer.

To this petition defendants demurred, assigning for causes of demurrer, that the petition did not state facts sufficient to constitute a cause of action ; that it appeared from the petition that the action was founded on a note which was not only not in the possession of plaintiff, but held adversely to him by a stranger ; that the petition disclosed a cause of action against Thomas B. Dyer, not against the defendants ; that the petition and the action were founded on a note executed by defendants, but the same was not filed therewith, neither was it alleged to be lost or destroyed.

The court sustained the demurrer, and, the plaintiff refusing to amend, gave final judgment for defendants.

The statute provides that an action or defence may be maintained on any instrument of writing, notwithstanding

Dyer's Adm'r v. Murdoch et al.

it may be lost or destroyed; and in such action or defence such instrument shall not be required to be filed, but the party shall allege the loss or destruction as an excuse for the want of such filing. And when any petition, or other pleading, shall be founded upon any instrument of writing charged to have been executed by the other party, and not therein alleged to be lost or destroyed, the same shall be filed with the petition or other pleading—R. C. 1855, pp. 1240-1, §§ 59, 60. The statute contemplates and requires that the instrument which is the foundation of the action, where it is executed by the adverse party, shall be filed with the petition or other pleading, except it be lost or destroyed, and in that case an allegation of the loss or destruction must be made as an excuse for not complying with the provisions of the law. Under the former practice, if the plaintiff failed to make profert of the instrument of writing mentioned in his declaration, and which was the foundation of his action, it was a substantial defect in his declaration, and demurrable—McCormick v. Kenyon, 13 Mo. 131. There is no allegation in the petition that the note is either lost or destroyed; indeed the petition shows that it is neither, but, in lieu of the statutory requirements, it is stated that it is held wrongfully by another party. The note is not destroyed, and the analogy between this case and that of a lost note is not sufficient to maintain the action.

There is no evidence that the administrator has ever made any attempt to reduce the chose in action to possession, but he seeks to recover on secondary evidence, when at the same time he discloses the fact that primary evidence is attainable. That the defendants are liable is indisputable; but to whom they are liable, they have a direct interest in knowing.

There is a controversy existing about the title to the note between the plaintiff and a stranger. This must be settled and determined before the defendants can be called on to respond. The law affords ample and adequate remedies. The administrator can proceed against Thomas B. Dyer as for a conversion, or pursue his redress under the second ar-

ticle of the statute concerning administrators, and obtain an adjustment in a speedy and summary manner.

Judgment affirmed. Judge Holmes concurs; Judge Lovelace absent.