JAMES S. BURDSAL, Defendant in Error, *vs.* EVAN L. DAVIES, Plaintiff in Error.

1. *Practice, civil—Pleading—Suit on note—Failure to aver filing of note, or excuse for not filing—Motion in arrest will not lie, when.*—In a suit on a promissory note where defendant pleads to the merits, motion in arrest will not lie on the ground that the note was not filed with the petition, and that the petition neither alleged the filing or any statutory excuse for failure to file. For if the petition is in other regards sufficient, these averments are not necessary in order to constitute a cause of action. Such pleading is doubtless defective and demurrable. But it states a cause of action however defective ; and the defect is cured by verdict.

### *Error to Jefferson Circuit Court.*

*Ahlrers,* for Plaintiff in Error, cited in argument : Rothwell vs. Morgan, 37 Mo., 107.

*J. J. Williams,* for Defendant in Error.

I. The objection that the original note was not filed with the petition instead of the copy, was waived by failure on the part of defendant to demur. (Wagn. Stat., 1014–15, §§ 6, 10 ; *Id.,* § 19, p. 1036 ; Richardson vs. Farmer, 31 Mo., 35.)

II. A petition, however defective, will be cured by verdict after issue is joined and a trial had on the merits, unless it wholly fails to state a cause of action. (Welch vs. Bryan, 28 Mo., 30 ; Frazier vs. Roberts, 32 Mo., 457; Richardson vs. Farmer, 31 Mo., 35.)

The filing of a note sued on is not material, although the statute requires it to be done, except in certain cases. (Dyer's adm'r vs. Murdock, 38 Mo., 224.)

SHERWOOD, Judge, delivered the opinion of the court.

The point in this case to which our attention has been specially called is this :

Whether in a suit on a promissory note, a defendant having pleaded to the merits, can, after verdict against him and judgment accordingly, successfully move in arrest, because the note sued on is not filed with the petition, nor does the petition allege the filing, or any statutory excuse for failure in this particular. And the discussion of this point necessarily involves the discussion of another, namely : Whether the

petition lacking these allegations states a cause of action. For, unless the petition does this, even the healing powers of a verdict under the liberal provisions and intendments of our statute of jeofails, could not remedy the evil, as this lack in a petition is held fatal, and advantage may be taken of it at any stage of the proceedings, and to the same extent as though the court had no jurisdiction over the subject matter of the action. (2 Wagn. Stat., § 10, 1015.)

Although the forms of pleading usually adopted in this State, allege the fact of filing the instrument sued on, yet this is a mere gratuitous averment, altogether *dehors* the statute, as will be seen by 2 Wagn. Stat., 1022, § 51; which, while requiring the instrument to be filed, requires no mention of this to be made; and it is only when the requirements of that section as to filing have not been complied with, that a reason therefor must be given.

It will be universally conceded, that a pleading can only be held faulty on account of matter apparent upon its face; and since this is so, it must be evident, that a petition, otherwise sufficient, is not objectionable on the score that it does not state facts sufficient to constitute a cause of action, even though it be silent as to the plaintiff's compliance with some extraneous statutory requirement. In a suit on a promissory note, the statement of a cause of action is complete when, with appropriate averments, the execution of the note by the defendant, and its non-payment at maturity are set forth. If this be true, then it can but follow, that the failure to state any additional matter although required by the statute, or the statement of such matter in a defective manner, does not take away nor lessen the legal force and effect of the previously made allegations—facts sufficient to constitute a cause of action still remain. The case of Rothwell vs. Morgan, (37 Mo., 107,) cited and confidently relied on by defendant's counsel, does not militate against the foregoing views in the slightest degree. The plaintiff in that case did not file the note sued on, nor did the petition allege its loss or destruction, and it was merely held there, that after answering, the defendant

might have the suit dismissed on motion. It is true that in the conclusion of that opinion this language is used:

" The omission to file the instrument with the petiton, or to allege its loss or destruction, was such a defect as was not waived by a failure to raise the objection by demurrer or answer." The " defect " here alluded to, was not any deficiency in the petition either in form or substance; not any failure to state a cause of action, which could not be waived by answering over; but simply a defect in the proceedings instituted by the plaintiff for the recovery of his debt, in that he failed to meet the requirements of the statute by either, first, filing the note with his petition, or second, giving the statutory excuse for such omission.

In the present case, the petition was doubtless defective and demurrable on the ground that in attempting to excuse plaintiff's failure to file the note, a reason was offered which the law does not sanction. But the petition undoubtedly stated a cause of action, however defectively that may have been done, and it is altogether too late for the defendant, after he has answered to the merits, and especially after he has had a trial so fair in every respect, that he would save no exceptions during its progress, to now come forward and seek the reversal of a judgment on grounds, which if our Practice Act is to be obeyed, have not the poor merit of being good even as technicalities.

The above remarks are sufficiently comprehensive to embrace a point urged by defendant's counsel, but not yet specifically noticed, that the petition showed that a former suit had been instituted on the same cause of action, and no allegation was made but that it was still pending and undetermined.

Judgment affirmed; all the judges concur.