—————o—————

62 569
37a 220
62 569
76a 347
62 569
85a 142

## THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant, vs. OLE KNUDSON, Respondent.

1. *Practice, civil—Pleadings—Contract sued on not filed—How objection to be made—Statute, construction of.*—Where a pleading is founded on an instrument in writing alleged to have been executed by the other party, it must be filed with the petition, though no statement in the petition in regard to the filing is required (Wagn. Stat. 1022, ? 51), unless it is alleged to be lost or destroyed. If it is not filed, and no reason is given for not filing it, a demurrer will not lie; the remedy is by motion to dismiss, or by motion to require th party to file it. If any other reasons than those mentioned in the statute, are given for not filing it, it is ground for demurrer.

### Appeal from Linn Circuit Court.

*James Carr, with H. B. Leach,* for Appellant.

I. The appellant, being a corporation, was entitled to file a copy of the contract certified by the president, and authenticated by the seal of said corporation, and the copy should have been received by the court with like effect as the original. (Wagn. Stat., 592, § 18.)

II. The non-filing of the contract was not a ground of demurrer. (Wagn. Stat., 1014, § 6.)

III. It would be exceedingly inconvenient and impracticable for the appellant to be required to file its duplicate of the contract sued on, as each instalment fell due under it.

*A. W. Mullins*, for Respondent.

I. The original contract should have been filed with the petition, or its absence accounted for. (Wagn. Stat., 1022, § 51.) And the failure to file the original contract was a ground of demurrer. (Dyer vs. Murdock, 38 Mo., 224 ; Rothwell vs. Morgan, 37 Mo., 107.)

Hough, Judge, delivered the opinion of the court.

This was an action founded upon a contract, alleged to have been executed by the defendant, which was not filed with the petition; nor was any reason given for failing to file it.

The defendant demurred to the petition on the ground, that it did not state facts sufficient to constitute a cause of action, and that said contract was not filed with the petition, nor alleged therein to be filed, nor was its absence in any way accounted for. The demurrer was sustained ; final judgment thereon was rendered for the defendant, and plaintiff has appealed to this court.

The present practice act provides, that when the petition, or other pleading, is founded upon any instrument of writing charged to have been executed by the other party, such instrument shall, unless therein alleged to be lost or destroyed, be filed with such petition or other pleading. No statement is required in the petition or other pleading, that it has been so filed, and a demurrer will not therefore lie for the want of such statement. The revised statutes of 1835 and 1845, regulating practice at law, required in such cases, that profert should be made and oyer given. No such requirement now exists, and a simple filing has been substituted therefor. In analogy to the old form of pleading, it is customary, under the present statute, to use the words "herewith filed," but the statute does not require the use of those or any words of like import.

If the instrument sued on is not filed, and a reason is given therefor in the petition, it must be the statutory reason, that

it has been lost or destroyed, and the statement of any other excuse will furnish ground for demurrer. (Burdsal vs. Davies, 58 Mo., 138; Dyer vs. Murdock, 38 Mo., 224.)

But where the instrument has not been filed, and no reason is given in the petition why it has not been filed, a demurrer will not lie, if the petition states a good cause of action ; for a demurrer lies only for defects appearing on the face of the petition. The only ground of complaint in such case is the failure to file the instrument, and the remedy is by motion to dismiss for that reason, or to require the party to comply with the statute and file the instrument. (Rothwell vs. Morgan, 37 Mo., 107.)

The judgment will be reversed and the cause remanded. The other judges concur, except Judge Vories, who is absent.