THE STATE EX REL. GILBERT v. ELDRIDGE, APPELLANT.

1.	**Attachment Bond**: SET OFF: UNLIQUIDATED DAMAGES.	In a suit upon an attachment bond, the defendant cannot assert, as a set off, the unliquidated damages arising from a breach of the covenants of a lease.

2.	**Practice**:	NON-FILING OF BOND SUED ON.	Objections to evidence and motion in arrest, on the ground that the bond sued on is not filed with the petition and no excuse is given for not filing it, will not be sustained.

3.	**Bill of Exceptions**: EXHIBITS.	A copy of a bond, not incorporated in the bill of exceptions, although attached to the petition as an exhibit, cannot be noticed.

4.	**Attachment Bond**: SEAL.	An instrument given as an amended attachment bond, but not sealed, and not having the word "seal" incorporated in it, is inoperative as a bond, and can not supersede the original bond, or render it inoperative.

*Appeal from Dade Circuit Court.*—HON. J. D. PARKINSON Judge.

*Shafer & Duckwall* for appellant.

1.	The damages in a suit on an attachment bond are

always unliquidated; and, if the ordinary rule is to govern, the statute would be rendered nugatory.

2. The petition fails to allege that the bond, or a certified copy thereof is filed, and does not allege any excuse for failing so to do, and no testimony can be introduced under it. *Bothwell v. Morgan*, 37 Mo. 107.

3. The instrument filed with the petition and offered in evidence purports to be a copy of the attachment bond, but is not certified. The statute provides that certified copies of bonds taken in the course of judicial proceedings shall be evidence. Wag. Stat. vol. 1, p. 597, § 43.

4. The amended attachment bond purports to be sealed on its face, and was filed upon the motion of plaintiff to dissolve the attachment for insufficiency of the original bond, was accepted by the plaintiff as such and was approved as such by the court. It related back to the inception of the attachment proceedings and superseded the original bond. The plaintiff cannot have two securities of the same character for his damages. After the amended bond was given, the original bond became a nullity.

5. The motion in arrest should have been sustained for the reason that the petition does not allege that the instrument sued on, or a certified copy thereof, is filed with the petition, or any excuse for failing to file the same. The defect is not waived by failure to demur or answer, and can therefore be reached by motion in arrest. *Bothwell v. Morgan*, 37 Mo. 107.

6. The rejection of the bond sued on by the court, on the filing of a new bond, discharged the securities. *Hollinsworth v. Matthews*, 19 Mo. 406.

SHERWOOD, C. J.—Suit on attachment bond. Gilbert, to whose use the suit was brought, recovered judgment, and the defendants appeal, assigning divers errors for its reversal.

I. There was no error committed in striking out that portion of the answer relating to a breach of the covenants

**1. ATTACHMENT BOND: set off: unliquidated damages.** of a lease entered into between defendants and Gilbert, to whose use this suit is brought. Unliquidated damages are not the subject of set-off, as this court has frequently held. (*Brake v. Corning*, 19 Mo. 125 and cas. cit.) The right of set-off did not exist at common law, but is purely the creature of statutory origin. (2 Bouv. Law. Dic. Tit. Set-off). Our statute respecting this right only allows its exercise where the parties are "mutually indebted," (2 W. S. 1273, §1). The legislature has seen fit however to allow the right of set-off to be exercised in suits on attachment bonds, and "against the party to whose use the suit is brought, with the same effect as if such party were the plaintiff," (1 W. S. p. 183 § 12). If with the same effect, then with no other effect. Had Gilbert sued defendants for a debt, no one would claim that they in such an action, could successfully assert as a set-off the unliquidated damages arising from a breach of the covenants of a lease. If they could not do so in such a case, then certainly not in the one at bar; for the statute in question has not changed the nature of the statutory right of set-off, but only extended its exercise to another class of cases, to which it did not extend prior to the act of 1853, (p. 112).

II. As respects the sufficiency of the petition, it stated facts sufficient to constitute a cause of action, although the **2. PRACTICE: non-filing of bond sued on.** bond sued on was not filed with the petition, and no excuse given for non-filing. *Burdsall v. Davies*, 58 Mo. 138; which explains or qualifies the case of *Rothwell v. Morgan*, 37 Mo. 107. To the same effect is *H. & St. J. R. R. Co. v. Knudson*, 62 Mo. 569. For this reason the objection to the introduction of any evidence, and the motion in arrest were alike unfounded.

III. It is insisted that error occurred in admitting in evidence the copy of the bond declared on, because such copy **3. BILL OF EXCEPTIONS: exhibits.** was not certified as required by law. (1 Wag. Stat. 597, § 43). It is impossible to tell whether the copy was certified or not, as it has not been incor-

porated in the bill of exceptions, and therefore, although attached to the petition as an exhibit, cannot be noticed.

IV. Respecting the exclusion of the amended attachment bond, (as it is called), when offered in evidence, as 4. ATTACHMENT well as the refusal to admit the record evi-
BOND: seal. dence of the approval of such instrument, it is enough to say that conceding that the acceptance of the amended bond would supersede and render inoperative the original instrument; still such concession can avail the plaintiff nothing, as the instrument excluded was not a bond in consequence of not having the word "seals" incorporated in the body thereof. For the like reason there was no error in refusing a declaration of law to the effect that the bond sued on had been superseded by the unsealed instrument offered in evidence. The rights which Gilbert had acquired under and by virtue of an instrument authorized by law, could not be abrogated by one wholly unauthorized. Finding no error in the record, we affirm the judgment. All concur.

AFFIRMED.