E. W. BELT ET AL., Respondents, *v*. BROOKLYN LIFE INSURANCE COMPANY, Appellant.

April 18, 1882.

1. A demand upon the agent under the terms of the contract, is a demand upon the principal.

2. A delay in bringing suit, caused by the representations of the defendant, cannot be imputed to the plaintiff as laches.

3. A failure to file with the petition the contract sued on is not a sufficient ground for excluding it when offered as evidence on the trial.

4. An assignee in bankruptcy, in the absence of proof that the assignor was insolvent when the premiums were paid, has no interest in the policy of insurance.

5. Though the assignee in bankruptcy of the insured has an interest in the policy, this is no defence to an action for specific performance by the wife of the insured against the insurer, under the contract to issue a paid-up policy.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*

C. H. KRUM and FORD SMITH, for the appellant.

G. A. CASTLEMAN, for the respondents.

THOMPSON, J., delivered the opinion of the court

This is an action to compel an insurance company to perform specifically that part of a policy of life insurance which provides for the issuing of a paid-up policy to the insured. The clause in the policy is as follows: "After two annual payments, should the party wish to discontinue (notice to the company having been given before the next premium becomes due), the company will issue a paid-up policy for as many tenths of the amount originally assured as there have been annual premiums paid *in cash*." It appears from the evidence that the plaintiff Lloyd T. Belt, upon whose life the policy in question was written, had paid to the defendant the aggregate amount of six annual premiums of $332 each, of which the sum of $1,418 40 had been paid in cash, and the balance, $474.60, in a note or notes, which were a lien upon the policy ; that the last payment was made upon the fourth day of August, 1873, for the succeeding three months, which payment kept the policy in force until the fourth day of November, 1873. The plaintiff Lloyd T. Belt, testifies in positive terms that at the time this last payment was made, he notified the defendant's agent that he desired the defendant to issue to him a paid-up policy, in accordance with the terms of the policy held by him. Whether this notice was given at the date named, or not until after the 4th of November, when the policy, by its terms, had lapsed, is the only substantial question in the case. Courts of equity do not favor forfeitures, although life insurance companies do ; and if this question of fact were left by the testimony in substantial doubt, we do not hesitate to say that we should resolve the doubt so as to save the plaintiff's right and prevent its forfeiture. But

we do not regard it as being in doubt. There is no testimony in the record contradicting the statement of Mr. Belt that he demanded a paid-up policy of the company's agent at the time of the payment of the last quarterly premium. There is, it is true, testimony tending to show that the company's home office did not receive from its agent notice of this demand, until the 10th of November, when the policy had lapsed. But as notice to the agent was notice to the company, it is immaterial at what time the agent communicated the information to the home office, or whether he communicated it at all or not.

Mr. Belt's testimony sufficiently explains that he was induced to delay bringing this suit as long as he did by a representation of the defendant's agent that another suit of the same nature was pending against the company, and that if this suit should be decided against them, they would accede to Mr. Belt's demands without the expense and annoyance of litigation. His demand is, therefore, not subject to any imputation of laches.

The defendant objected to the introduction of the policy in question, on the ground that it had not been filed with the petition, as required by the statute. Rev. Stats., sect. 3560. The objection was not well taken. The defendant, no doubt, had a copy of the policy on its books, and knew its terms perfectly well; and if it had desired to see the original before the trial, it could easily have compelled its production. *The State, ex rel.* v. *Eldridge,* 65 Mo. 584. *Hannibal, etc., R. Co.* v. *Knudson,* 62 Mo. 569.

A point is also made, that the plaintiff Lloyd T. Belt was adjudicated a bankrupt, and that all his estate was assigned in bankruptcy to Ford Smith, the assignment taking effect on the eighteenth day of December, 1875 ; that some portions of the premiums paid by the plaintiff Lloyd T. Belt, whereby the policy was kept in force, was paid while Mr. Belt was insolvent, and hence that Mr. Smith has an

interest in the policy; from which we are asked to deduce the conclusion that the suit is brought by the wrong person. We do not accede to this view. There is no evidence in the record that Mr. Belt was insolvent at the time any portion of the premiums was paid. The assignment in bankruptcy did not take effect until more than two years and four months after the payment of the last premium. It would be giving a new interpretation to the provisions of the bankrupt law, to hold that an assignment in bankruptcy reaches back through so long a period of time and seizes upon a policy of insurance which the bankrupt had, for six years prior thereto, kept in force for the benefit of his wife. It is sufficient, however, for the purposes of our conclusion, to say that this policy was, by its terms, made in favor of Mrs. Belt; that she is *prima facie* the beneficial owner of it; that if Mr. Smith has any interest in it, that interest cannot be litigated and determined in a suit between Mrs. Belt and the company. Mr. Smith is representing the company in this suit as its attorney, and, as such, is assisting the company, to contest the validity of the policy itself. If he really has an interest in the policy in his capacity as assignee in bankruptcy of Mr. Belt, then he is here acting contrary to the interest of the trust which he represents. We can, therefore, scarcely regard this objection as seriously made; but we will say that when Mrs. Belt gets her paid-up policy in conformity with the decree, which we shall here affirm, it will be open to Mr. Smith to enforce any interest therein which he may have.

The circuit court correctly found that Mr. Belt had paid $4\frac{57}{100}$ of the total amount secured by this policy, which, with interest to the first day of February, 1881, would amount to the sum of $2,285, and that the defendant should execute to Mrs. Belt a paid-up policy as of that date for this sum. This decree is affirmed. All the judges concur.