Christie v. The Mo. Pac. Ry. Co.

CHRISTIE v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

94 453
38a 199
94 453
76a 347

1. **Practice** : PLEADING : MOTION TO MAKE MORE DEFINITE : REBATE. In an action against a railroad company to recover a rebate which plaintiff alleged the company agreed to allow him on freight shipped by him over its road, it was not error to deny defendant's motion to require plaintiff to make his petition more definite and certain by stating where and by what officers of defendant the alleged contract was made, whether it was oral or in writing, and if in writing that plaintiff be required to file it in court for defendant's inspection, where it appeared that the contract was not in writing and the petition alleged a contract, set out its terms, averred a breach thereof, and the amount of damages claimed for the breach.

2. **Common Carrier** : REBATE : CONSTITUTION : STATUTE : PUBLIC POLICY. A common carrier has the right to contract to ship freight at a lower rate than the published tariff rate, if it choose to do so, and such a contract is not violative of the constitution or statute of the state (Const., art. 12, secs. 12, 23 ; R. S., sec. 821), nor against public policy, unless the privilege to ship at such rate is granted exclusively to the shipper with whom it is made, or is denied to other shippers. It is the exclusiveness of the privilege granted to one and denied to another which makes the discrimination and renders the contract void.

3. —— : —— : PRACTICE : PRESUMPTION. In an action against a railroad company to recover a rebate, where the sole defence was that no contract allowing a rebate had been made, as alleged by plaintiff, and where the evidence tended to show that the sum claimed by plaintiff had been paid by him and received by defendant, an instruction, in effect, telling the jury they might, from such defence, infer that the sums claimed had been received by defendant, was not improper.

*Appeal from Buchanan Circuit Court.*—HON. J. P. GRUBB, Judge.

AFFIRMED.

*Thos. J. Portis*, *Adams & Bowles* and *Vinton Pike* for appellant.

(1) The court erred in overruling defendant's motion to make the petition more definite and certain. R. S., sec. 3529 ; Bliss on Code Pleading [2 Ed.] sec. 425 ; *Railroad v. Kundson*, 62 Mo. 569 ; *Hay v. Short*, 49 Mo. 141 ; *Rothwell v. Morgan*, 37 Mo. 107 ; *Railroad v. Dean*, 92 Ind. 459 ; *Addison v. Railroad*, 48 Mich. 155. (2) The court erred in overruling defendant's objection to the introduction of any testimony. (*a*) Because the alleged contract is against the policy of the law. (*b*) It is void as against public policy. (*c*) It is in conflict with the constitution and statutes of the state. Const., art. 12, secs. 14, 23 ; R. S., sec. 821 ; *Schofield v. Railroad*, 1 West. Rep. 812 ; *Messenger v. Railroad*, 36 N. J. 407 ; s. c., 37 N. J. 531 ; *Railroad v. Railroad*, 16 Cent. Law Jour. 209 ; *Hayes v. Railroad*, 15 Rep. 323 ; *Express Co. v. Railroad*, 57 Me. 196 ; *Vincent v. Railroad*, 49 Ill. 33 ; *Railroad v. People*, 67 Ill. 11 ; *Railroad v. Mining Co.*. 68 Ill. 489 ; *McDuffee v. Railroad*, 52 N. H. 430 ; *Railroad Co.'s Appeal*, 62 Pa. St. 218. (3) There was no evidence in this case that defendant ever charged or received any freight from the plaintiff, and the court should have directed the jury to return a verdict for defendant on the ground of a failure of proof. (4) The court should have instructed the jury, as prayed by defendant at the close of the testimony, to the effect that plaintiff was not entitled to recover. *Schofield v. Railroad*, 1 West. Rep. 812 ; *Messenger v. Railroad*, 36 N. J. 407 ; s. c., 37 N. J. 531. (5) The seventh instruction for plaintiff was improper.

*Green & Burnes* for respondent.

(1) The court properly overruled appellant's motion to make the petition more definite and certain. (2) The

contract sued on is not against the policy of the law, is not against public policy, and is not in conflict with the constitution and statutes of this state. That the contract created an illegal preference and was, therefore, void, as against public policy, we submit does not appear from the facts and the record. And if appellant claims immunity from the obligations incurred by a contract, on the ground of the illegality of the contract, such illegality must be specially pleaded and cannot be presented under a general denial. Bliss on Code Pl., sec. 330 ; 76 Ill. 67 ; *Stanford & Co. v. Monheimer*, 41 N. Y. 184. (3) The seventh instruction was correct, because all of the evidence in the case showed that the sums claimed by the plaintiff had been paid by him, and had been received by defendant.

NORTON, C. J.—This suit is based upon an alleged contract, whereby it was agreed that plaintiff should ship grain of various kinds from certain stations in the state of Kansas to Chicago, Illinois, and that, on presentation of bills for such shipments, the plaintiff should pay the usual and ordinary rates therefor according to defendant's tariff rates, and that defendant should repay to plaintiff all sums of money which defendant should receive over and above the rate agreed upon between the parties. The object of the suit is to recover from defendant the difference between the amounts paid to plaintiff according to defendant's tariff rates, and the amount that was by the agreement of the parties to be paid. The answer of defendant was a general denial. On the trial plaintiff had judgment, from which the defendant has appealed. There were six counts in the petition, each one of them alleging different shipments made under the same contract.

The first error assigned is, the action of the court in overruling a motion filed by defendant asking the court to make an order requiring plaintiff to make his petition

more definite and certain, in this, that he be required to state where and by what officers of defendant the alleged agreement was made with plaintiff, and whether the same was verbal or in writing, and if in writing, that plaintiff be required to file the same in court for defendant's inspection. It is held, in the case of *Hannibal & St. Joe Railroad Company* v. *Kundson*, 62 Mo. 569, that when a suit is brought upon an instrument in writing alleged to have been executed by the other party, it must be filed with the petition unless it is alleged to have been lost or destroyed. If it is not filed and no reason given for not filing it, the remedy is either by motion to dismiss, or motion to require the party to file it. In this case it does not appear that the suit was founded on a contract in writing alleged to have been executed by defendant. It can be construed in no other way than as a verbal contract, and the evidence adduced on the trial shows it was of that character. It is provided by section 3529, Revised Statutes, among other things that, "when the allegations or denials of a pleading are so indefinite or uncertain that the precise nature of the charge or denial is not apparent * * * the court [on motion of the adverse party] may require the pleading to be made definite and certain." No such indefiniteness as is contemplated by this statute exists in the petition. It alleges that a contract was made with defendant's agent, sets out its terms, avers a breach thereof and the amount of damages claimed therefor.

The defendant objected to the introduction of any evidence on the ground that the contract set up in the petition was in violation of the constitution and statute of the state, and was void as being against public policy. This objection was overruled, and this action of the court is assigned for error, and in support of the contention we have been cited to a number of authorities, and among them to the case of *Schofield v.*

*Railroad,* 43 Ohio St. 571, where, in an elaborate opinion, all the other authorities to which we have been cited by counsel are reviewed and discussed. In that case, it appears that the railway company having tariff rates for the public generally, contracted with the Standard Oil Company, that in consideration of said company giving to the railway company its entire freight business in the products of petroleum, they would transport such freight for the company, at certain rates, about ten cents per barrel cheaper than for any other customers, and the railway company not only agreed and undertook to carry at the reduced rate, but also, that they would not ship for any other at less than full tariff rates, and if they did, the said Standard Oil Company would take from the railway company all its business, and deprive it of its patronage. Schofield and others being also engaged in the manufacture, and also dealers in refined and other products of petroleum, offered their products to the railway company for shipment on the same terms granted to the Standard Oil Company, and on being refused shipment on the terms, brought their bill to enjoin the railway company from charging and collecting from them for freight on said line rates and amounts in excess of those charged to the Standard Company for like goods to the same points, or from discriminating against them in favor of the Standard Company.. The prayer of the bill was granted, the court holding as follows : That where a lower rate is given by a railroad company, engaged as a common carrier, to a favored shipper which is to give, and necessarily gives, an exclusive monopoly to the favored shipper, affecting the business and destroying the trade of other shippers, the latter have a right to require an equal rate for all, under like circumstances. Where such a corporation as a common carrier, in consideration of the fact that a shipper furnished a greater quantity of freight than other shippers, during a given term,

agrees to make a rebate on the published tariff rate on such freights, to the prejudice of like freight under the same circumstances, such a contract is an unlawful discrimination in favor of the larger shipper, tending to create a monopoly, destroy competition, and injure, if not destroy, the business of smaller operators, and is contrary to public policy, and will be declared void at the instance of parties injured thereby.

The principles thus enumerated have their foundation in the common law, and sections 12 and 23, article 12, of our constitution, and section 821 of the revision of 1879, are but declaratory of the common law in reference to the subject of which said sections treat. A common carrier has the right to contract to ship freight at a lower rate than the published tariff rate if he choose to do so, and such a contract is not against public policy unless the privilege to ship at such a rate is granted exclusively to the shipper with whom it is made, or is denied to other shippers. It is the exclusiveness of the privilege granted to one and denied to another which makes the discrimination and renders the contract void, as against public policy. No such exclusiveness or discrimination appears in the contract sued upon, and the objection of defendant to the reception of any evidence was properly overruled.

In the case of *Railroad v. Elliott*, 76 Ill. 67, the precise question involved in this case was considered, and it is there held, that such a contract as the one before us was not illegal as being in violation of the law to prevent unjust discrimination, as the company was to carry at the customary rates ; and that the rebate in the charges was a matter of private agreement between the carrier and the shipper, and the contract was not fraudulent as to the purchaser of the corn.

In view of the evidence, which tended to show that the sum claimed by plaintiff had been paid and received by defendant, and in view of the fact, that when,

previous to the institution of the suit, plaintiff presented to defendant freight bills showing the amounts claimed to have been paid and demanded repayment, and such payment was resisted, not on the ground that defendant had not received the amount claimed to have been paid, but on the sole ground that no such contract as plaintiff set up had been made, the seventh instruction of which defendant complains was not improperly given, the said instruction in effect telling the jury that, from the fact that defendant resisted the claim of plaintiff for repayment on the sole ground that no such contract as he set up had been made, they might infer that the amounts claimed to have been paid had been received by defendant.

We perceive no error in the record justifying an interference with the judgment and it is hereby affirmed. All concur, except Ray, J., absent.