CHRISTOPHER McHONEY, Respondent, v. GERMAN
INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, April 15 and May 30, 1889.

Practice : FAILURE TO FILE INSTRUMENT SUED ON : MOTION TO DISMISS.
Plaintiff's petition was founded on a policy of insurance, charged
to have been executed by the defendant, which he failed to file with
the petition and to assign any reason therefor. On motion to dis-
miss, plaintiff seeks to avoid his failure to file the policy on
grounds *aliunde* the petition, to-wit: That the application signed
by plaintiff was part of the policy, and so the instrument sued upon
was signed by both parties and is not required to be filed. *Held,*
that the court must, in passing upon the motion, look to the petition
and the instrument filed with it, or, if not filed, to the reasons for
the omission shown in the petition.

REVERSED AND DISMISSED.

## On motion for rehearing.

INSTRUMENT SIGNED BY BOTH PARTIES : IN FURTHERANCE OF JUSTICE,
CAUSE REMANDED. While the motion to dismiss should have been
sustained, yet as it appears from the record of the trial that the
policy was based upon an application signed by plaintiff and made
a part of the contract, thereby making the contract in legal effect
an instrument signed by both parties, it would better subserve the
ends of justice to remand the cause that the petition may be
amended so as to charge the instrument to be a contract executed
by both parties.

Appeal from the Montgomery Circuit Court.—HON.
E. M. HUGHES, Judge.

MOTION OVERRULED AND CAUSE REMANDED.

*J. D. Barnett,* for the appellant.

(1) The motion to dismiss should have been sus-
tained, for the reason that the policy sued on was not
filed. *Rothwell v. Morgan,* 37 Mo. 107; *Railroad v.
Knudson,* 62 Mo. 570. (2) The defendant's objection

to the introduction of any evidence in the case and its specific objection to the introduction of the policy should have been sustained. The policy was not on file and was not identified in any respect. (3) The application for insurance is a written, unilateral contract on part of plaintiff.

*John M. Barker* and *Barker & Shackelford,* for the respondent.

The motion to dismiss was properly overruled. The case of *Rothwell v. Morgan,* 37 Mo. 107, is not in point. It is not apparent from the opinion in that case what kind of an instrument was sued upon, but it is said to be a note in *Bondsall v. Davis,* 58 Mo. 138. Nor is the case of *Railroad v. Knudson,* 62 Mo. 569,—for the reason that the subject-matter of that action seems to have been a complete contract, executed by the opposite party only. In the case at bar it rests upon a policy held by the plaintiff and an application held by defendant, both component parts of the contract sued on. May on Insurance [Ed. 1875] sec. 29, p. 26. Revised Statutes, 1879, section 3560, does not apply to this case. *Bowling v. Hax & Krug,* 55 Mo. 446; *Ass'n v. Duboch,* 82 Mo. 475. Said motion was also properly overruled because defendant had filed his answer two weeks before the motion, admitting in the answer the execution of the policy. He also had the policy in his own possession from May 24, 1888, down to and after his motion came before the court. But this point has been expressly ruled against appellant in the case of *Railroad v. Atkinson,* 17 Mo. App. 484.

ELLISON, J.—This action is brought by petition founded upon an instrument of writing charged to have been executed by defendant. The instrument is not filed with the petition, nor is it alleged therein to be lost or destroyed. Defendant's motion to dismiss the

case, based on such ground, was overruled. The instrument sued upon is a policy of fire insurance charged to have been executed by defendant. The motion should have been sustained. *Hannibal & St. Joseph Ry. Co. v. Knudson*, 62 Mo. 569; *Rothwell v. Morgan*, 37 Mo. 107; *Dyer v. Murdock*, 38 Mo. 224; *Peake v. Bell*, 65 Mo. 224, and cases cited. Plaintiff seeks to avoid his failure to file the policy on the grounds which he shows *aliunde* the petition, viz., there was a separate written application for insurance, made and signed by him before the policy was issued, which, by the terms of the policy, became a part thereof, and that therefore the instrument sued upon was, in effect, executed by both parties and not subject, under adjudications in this state, to the provisions of section 3560, Revised Statutes, 1879, requiring instruments "executed by the other party" to be filed. The difficulty with this contention is that these matters are not shown by the petition, if, indeed, they are not contradicted by it.

The petition refers to nothing but the policy, which it charges to have been executed by defendant.

It is upon the petition and the instrument filed with it, or if not filed, to the reasons for the omission, that the court must look to in passing upon the motion which attacks the case for this defect.

The judgment is therefore reversed and the cause dismissed. All concur.

### ON MOTION FOR REHEARING.

ELLISON, J.—On further consideration we are of the opinion that, though the motion to dismiss should have been sustained, yet as it appears from the record made at the trial after the motion was overruled that the policy of insurance is based on a written application made and signed by plaintiff, which application is by the policy made a part of the contract, thereby making the contract in legal effect an instrument signed by

both parties, we have concluded it would better subserve the ends of justice to remand the cause that plaintiff may have an opportunity to amend his petition so as to show the facts making the instrument sued upon to be a contract executed by both parties, and therefore not necessary to be filed, section 3560, Revised Statutes, 1879, as before stated, not covering such an instrument. *The Mo. Pac. Railway Co. v. Atkinson*, 17 Mo. App. 484, and cases cited.

The motion for rehearing will be overruled, Judges SMITH and GILL concurring.