ALBERT ROTHSCHILD et al., Respondents, v. P. R.
LYNCH et al., Defendants; PATRICK R. LYNCH,
Appellant.

St. Louis Court of Appeals, November 1, 1898.

1. **Attachment**: FINDING OF JURY ON PLEA OF ABATEMENT: GENERAL.
It is the better practice for the jury to make separate findings as to
each ground of attachment, instead of a general finding on the plea
in abatement, but the failure of the jury to do so is at most an irregu-
larity, as the evidence in the case at bar tended at least to support
some of the grounds of attachment.

2. ———: PRACTICE, TRIAL. The appellant ought to have called the
matter to the attention of the trial court, either when the verdict
was received, or by motion in arrest.

3. ———: MISJOINDER OF PARTIES AND OF CAUSES OF ACTION. An
objection that there is both a misjoinder of parties and of causes
of action must be made either by demurrer or answer.

4. ———: CONTRACT OF GUARANTY: PRACTICE, TRIAL. Failure to file
a contract of guaranty with the petition does not constitute
ground for reversal but should have been reached by motion to
dismiss for failure to file it.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.

AFFIRMED.

NATHAN FRANK, RICHARD A. JONES and BENJAMIN
H. CHARLES for respondents.

It is too late to object to a misjoinder of parties
defendant for the first time in this court, or in a motion
for a new trial. R. S. 1889, sec. 2047. An objection
to the joinder of a defendant appearing on the face of
the petition must be taken by demurrer. Boland v.
Ross, 120 Mo. 208, 214, 215. "An objection that there

is both a misjoinder of parties plaintiff and of causes of action must be made either by demurrer or answer; otherwise it is waived.     Anderson v. McPike, 41 Mo'. App. 328, 330; Donahue v. Bragg, 49 Mo. App. 273. A *fortiori* when the alleged misjoinder is of parties defendant.     Failure of appellant to answer to the merits waived all objections except want of jurisdiction and failure to state a cause of action.     R. S. 1889, sec. 2047.     The uncontested judgment on the merits should not be disturbed. Paddock-Hawley Iron Co. v. Graham, 48 Mo. App. 638, 644.     The original debtor and the guarantor were not improperly joined especially where the liability of the latter had become fixed.     R. S. 1889, sec. 1995; State ex rel. v. Tate, 109 Mo. 265, 268; Walker v. Deaver, 79 Mo. 664, 679; Maddox v. Duncan, 45 S. W. Rep. (Mo.) 688, (April 20, 1898.) The guaranty was filed before the trial on the merits. Failure to file it with the petition does not constitute ground for reversal, the objection being made for the first time in this court.     A defect of this sort can be reached only by motion to dismiss, or by motion to require party to file it. Christy v. Railroad, 94 Mo. 453, 456; Railroad v. Knudson, 62 Mo. 569, 571; Fenwick v. Bowling, 50 Mo. App. 516, 520; Burdsal v. Davies, 58 Mo. 138.     Where a petition declares upon a contract, without stating whether it is in writing or not, it will be presumed to be in writing. Sharkey v. McDermott, 91 Mo. 647.     Even if the rule were otherwise, and defendants had objected (at the trial on the merits) to the introduction of the guaranty, it was admissible in evidence.     Browning v. Walbrun, 45 Mo. 477.     The merits of the case are not the proper subjects of inquiry on the trial of the plea in abatement.     Chouteau v. Boughton, 100 Mo. 406, 412; Sauerwein v. Renard Champagne Co., 68 Mo. App. 29, 34.

FRANK A. C. MacMANUS for appellant.

The instruction offered by defendant at the end of the evidence presented by plaintiffs to sustain the grounds of his attachment should have been given. Deering v. Collins, 38 Mo. App. 85, 86, 87. The property alleged to have been fraudulently sold was, if the same belonged to Lynch as plaintiff claims, exempt from attachment, unless he was charged with leaving the state with intent to change his domicile. Such sale could not be fraudulent, either actually or constructively as to creditors. Boyd & Co. v. Pottle, 65 Mo. App. 374; Bill of Exceptions, page 45, 6th question. Until some substantial evidence of fraud is offered, defendant is supposed to be as honest as any other member of the human race. Actual fraud must be proved, not conjectured. Not answering the questions of an impertinent collector to his (the collector's) satisfaction, is certainly no evidence of fraud. Staed v. Mahon, 70 Mo. App. 406; Priest v. Way, 87 Mo. 16; Rumboldt v. Parr, 51 Mo. 592; Henderson v. Henderson, 55 Mo. App. 534; Ames v. Gilmore, 59 Mo. 537. A false promise as to something to be done in the future does not constitute fraud. Terry v. Insurance Co., 3 Mo. App. 595. The instruction offered by plaintiffs should not have been given, and especially that portion of the same which reads: "The court instructs the jury that (for) the purpose of this trial it must be taken as admitted that the defendant, P. R. Lynch, is indebted to the plaintiffs." Bill of Exceptions, page 37; Bank v. Nickols, 43 Mo. App. 398; Wilburn v. Railroad, 36 Mo. App. 203; Shaffner v. Leahy, 21 Mo. App. 110; Dearing v. Fletcher, 37 Mo. App. 122; Newcomb v. Jones, 37 Mo. App. 175; Sturgess v. Crum, 29 Mo. App. 644. A guarantor of the indebtedness of another

person is not necessarily, nor legally, in debt to the principal of the obligor, and until after it is ascertained by agreement of parties, or by legal procedure, how much the obligation (if any obligation exists) amounts to, or, whether the independent contract of guaranty is a subsisting obligation or not is determined, there can be no indebtedness. The mere guaranty does not rise to the dignity of a debt. In a guaranty a condition precedent is to be performed or not performed, and at best it is only a conditional contract. Attachment is purely statutory; it is legal, not equitable. The debt named in the attachment proceedings must possess an actual character and not be merely possible, and must not depend upon a contingency. If there is no existing debt the attachment must fail. Hearne v. Keith, 63 Mo. 84; Lackland v. Garesche, 56 Mo. 267; Bishop v. Young, 17 Wis. 51; Finlay v. Bryson, 84 Mo. 864. A debtor in Missouri has the right to prefer one creditor to another so long as he acts in good faith. But in this case the person was not a debtor, but at best only a prospective one. He was a guarantor, if anything. McDonald & Co. v. Hoover, 124 Mo. 484; Schufeldt v. Smith, 131 Mo. 288; Riley v. Vaughn, 116 Mo. 176. Allowing plaintiff to offer as evidence the unsigned deposition of defendant, P. R. Lynch, taken by a stenographer in Mr. Frank's office on April 30, 1897, was error. It was not offered to show any admissions by defendant, though allowed by the trial judge on that theory. Priest v. Way, 87 Mo. 16, also dissenting opinion; Bogie v. Nolan, 96 Mo. 85,—contrary. A separate finding should have been made as to what particular ground of attachment was sustained by the verdict. Eisenhardt v. Cabanne, 16 Mo. App. 531; the Paddock-Hawley Iron Co. v. Graham, 48 Mo. App. 643.

BIGGS, J.—This is an action for the price of goods sold and delivered to the defendant the P. R. Lynch Hat and Shoe Company. The sales were made between October 5, 1893, and April, 1895. Patrick R. Lynch, the president of the corporation was joined as a defendant in the action. The averment as to his individual liability was that on the tenth day of April, 1893, he agreed "to pay plaintiffs for goods and merchandise thereafter sold by plaintiffs to the defendant P. R. Lynch Hat and Shoe Company." There was an attachment against Lynch. The alleged grounds were that he had and was about to fraudulently convey, etc.; that he had and was about to fraudulently conceal, etc., his property and effects, so as to hinder or delay his creditors, thus presenting four separate grounds of attachment. Lynch resisted the attachment. The issues were found against him. The circuit court having refused to set aside the findings of the jury, he filed his bill of exceptions on that branch of the case. There was no defense or appearance at the trial of the merits. Upon the evidence adduced by the plaintiffs the circuit court rendered a joint judgment against both defendants for $668.33. Within four days thereafter Lynch filed his separate motions for a new trial and in arrest of judgment, which the court overruled. The evidence taken at the hearing on the merits and the action of the court in overruling the defendants' said motions, were also preserved by bill of exceptions. Lynch has appealed to this court on the whole case.

The main grounds urged by appellant against the judgment on the plea of abatement are, that there is no substantial evidence to support it, and that the jury failed to make separate findings. The evidence tends to show these facts: Lynch was the president

of the corporation and had the direct and sole management of all its business. In November, 1895, which was just prior to the institution of plaintiff's suit, Lynch sold all of the assets of the company for $260. The property consisted of hats, caps, shoes and store fixtures. After the sale the property was removed to Lynch's residence, where the business was continued. As to the name of the purchaser of the goods, the place to which they had been removed, and what was done with the purchase money, Lynch made conflicting statements. A few days after the sale an employee of plaintiffs (finding the store room where Lynch had been doing business empty) visited Lynch at his house and endeavored to learn from him what had become of the stock of goods and the fixtures. The only information that Lynch could be induced to give was that he had sold the property and had used some of the money in paying small bills against the company. He declined to give the name of the purchaser or the amount of the sale, or where the goods had been taken. Lynch's deposition was taken before the trial, and he then testified that he sold the goods to a *man* by the name of J. F. Donnelly; that Donnelly was not related to him; that he was a mechanic and lived on Tyler street; that the goods were taken to his, Lynch's, private residence; that he (Lynch) sold some of the goods for Donnelly, and that he used some of the money received from Donnelly in paying some small bills against the corporation, and appropriated the remainder to his own use. On the trial of the cause he testified that he sold the goods to his *daughter* Julia F. Donnelly in payment of certain debts due her from the corporation; that Mrs. Donnelly lived with him; that the stock of goods had been taken to his house, where the business had been since conducted by him as the agent of his daughter. He had previously stated in

his deposition that the corporation owed no debts except that due to plaintiffs and perhaps a little back rent for store room.

It is useless to contend that the conflicting statements made by Lynch concerning the alleged sale did not tend to show a fraudulent purpose or intent to cheat and defraud the creditors of the corporation. It is urged, however, that as the property belonged to the corporation and as Lynch acted in a representative capacity, the sale, even though made for the fraudulent purpose of defrauding the creditors of the company, did not tend to prove the grounds of the attachment, that is that Lynch fraudulently sold or concealed *his* property so as to hinder or delay his creditors. We do not think that this contention is sound. Lynch, as a stockholder, had an interest in the corporate property, the business was under his sole management and the sale was made by him of all the corporate assets. If this sale was fraudulent, in fact we think it sufficient to sustain the charge that he was disposing of or concealing his property, etc. Besides this, there was some evidence that Lynch had placed a fictitious mortgage on his individual real estate. He attempts to escape the probative force of this testimony with the argument that the real estate in question was his homestead, and was not subject to sale for the payment of debts, and hence there could not be a fraudulent conveyance of it, unless he (Lynch) had or was about to leave the state with intent to change his domicile, of which there is no evidence. Putting aside all other matters that might be urged against this contention, it is sufficient to say that there is no evidence in the record of the value of the real estate.

Another objection is that the finding of the jury on the plea in abatement was general, whereas there

PRACTICE.    should have been separate findings as to each ground of attachment. Granting that the latter would have been the better practice, the failure to comply with it was, at most, an irregularity, as the evidence tended, at least, to support *some* of the grounds of attachment. Under any circumstances, the appellant ought to have called the matter to the attention of the trial court, either when the verdict was received or by motion in arrest. This he did not do. He raises the question for the first time in this court.

Other matters are urged against the judgment on the plea in abatement, but we do not deem them of sufficient importance to justify their discussion.

As to the judgment on the merits it is insisted that there was a misjoinder of parties defendants and of causes of action. This assignment may be disposed of with the observation that to avail the appellant anything these objections should have been made in the circuit court, either by answer or demurrer, which was not done. R. S. 1898, sec. 2047; Boland v. Ross, 120 Mo. 208; Anderson v. McPike, 41 Mo. App. 328; Donahue v. Bragg, 49 Mo. App. 273.

There was a written contract of guaranty executed by Lynch, in which he obligated himself to pay plaintiffs for all goods thereafter sold by them to the Lynch Hat and Shoe Company. The plaintiffs failed to file this paper with the original petition, but did so file it a few days before the trial. After due proof of its execution the trial court allowed the plaintiffs to read the instrument in evidence. The contention is that the admission of this evidence calls for a reversal of the judgment as to Lynch. There is no merit in this. After the paper had been filed it was competent for the court to receive it as evidence. If the appellant desired, in the first instance, to take advantage of the omission to file it, he should have moved a dismissal

of the cause for failure to do so, and even then the court would have been justified in overruling the motion upon an offer by plaintiffs to comply with the statute. Railroad v. Krudson, 62 Mo. 569; Christie v. Railroad, 94 Mo. 453; Rothwell v. Morgan, 37 Mo. 107.

The foregoing are the only objections made to the judgment on the merits. As the plaintiffs made substantial proof of their cause of action against both defendants, the judgment of the circuit court will be affirmed.

All concur.