HICKORY COUNTY, *Appellant*, v. FUGATE *et al.*

Division One, February 23, 1898.

1. **Sufficiency of Pleading**: DEMURRER: PRACTICE.   In determining the sufficiency of a petition the court can not look beyond it to any exhibits filed therewith to supply its defects, nor beyond the demurrer for reasons why it should be sustained.

2. **Petition**: DEFAULTING COUNTY TREASURER.   It is held that a petition in a suit on the bond of a county treasurer, which is set out in the opinion, states a single cause of action, when its averments are taken in their plain and ordinary meaning.

3. ———— : ———— : DRAWING WARRANTS.   It is not a necessary averment, in a suit on the bond of a county treasurer, distinctly charging breaches thereof, to allege that the county court drew a warrant for the amount due from him, and authorizing him to turn the moneys collected by him over to a designated depository or his successor in office, if it is sufficiently alleged that he collected money during his term of office and failed to deposit it or turn it over to his successor as was his duty under the law.

4. ———— : PARTIES: ATTORNEYS' AUTHORITY TO BRING SUIT.   Where an action is brought by a county, and the petition is signed by reputable attorneys in its behalf, their authority to do so need not further affirmatively appear upon the face of the petition.

*Appeal from Hickory Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED AND REMANDED.

*W. A. Dollarhide, Rechow & Pufahl* and *J. H. Childers* for appellant.

(1)   The breaches are all properly assigned.   *State to use v. Bartlett*, 68 Mo. 581; *Stillwell v. Hamm*, 97 Mo. 579; *Bricker v. Stone*, 47 Mo. App. 534; *Guttridge v. Vanatte*, 27 Ohio St. 336.   (2)   Even if there was but one breach properly assigned, the demurrer would

have to be overruled. (3) If, as contended by respondents, that each breach constitutes a count, yet the action of the trial court would have to be reversed, as the demurrer under such circumstances could only be sustained as to the bad count, and would have to be special. *Marshall v. Bouldin*, 8 Mo. 244; *Justice v. Town of Lancaster*, 20 Mo. App. 559; *Hayden v. Sample*, 10 Mo. 222; *Railroad v. McLiney, Adm'r*, 32 Mo. App. 166; *Hirsch v. Grand Lodge*, 56 Mo. App. 101. (4) But a suit upon an official bond is but one count, no matter how many breaches there may be assigned. *State ex rel. v. Davis et al.*, 35 Mo. 406; *State ex rel. v. Henslee*, 54 Mo. 518; *State ex rel. v. Berning*, 74 Mo. 100; *Lampert v. Laclede Gas Light Co.*, 14 Mo. App. 383. (5) When the demurrer specifies the supposed defects of the pleading demurred to, no other defects will be noticed. *Alnutt v. Leper et al.*, 48 Mo. 319, and authorities cited. (6) And the statement of more facts than are required to be stated does not preclude a recovery. *Radcliffe v. Railroad*, 90 Mo. 128. (7) The point that a warrant would have to be drawn, though expressly made in the case of *Saline County v. Sappington et al.*, 67 Mo. 529, was not thought of sufficient importance for the court to notice it. See, also, *State to use v. Rechtien*, 7 Mo. App. 342.

*Upton & Skinker, W. D. Harryman* and *Charles Kroff* for respondents.

(1) The petition having alleged Fugate into office, it must allege him out, or—for the purposes of this discussion—he is still in. The only way he could get out was to die, resign or be removed. The petition wholly fails to allege that he ever went out of office. True, this second amended petition—filed on the eighteenth day of January, 1897—alleges that Montgomery was

then his successor.  But when did he become Fugate's successor?  In the absence of any allegation to the contrary, the presumption is that Montgomery went in on January 1, 1897, on the expiration of Fugate's term, and nine months after the institution of the suit.  (2)  Paragraph 3 of the petition alleges that Fugate failed and refused to make settlement with the county court, and that the county court made a settlement "from the best information obtainable, and thereupon ascertained and found the several amounts due by him, as hereinafter stated, and as will more fully appear from a copy of such settlement, so made by the said county court, and filed herewith."  From these allegations it is apparent that this suit is based upon the alleged settlement.  This is the only reasonable construction that can be placed upon the petition.  We contend that unless this alleged settlement created a liability on the part of respondents, or they are bound by it, the petition fails to state a cause of action.  (3) It is well settled law in this State that no reference to papers filed as exhibits in a cause can make them parts of the petition, and the sufficiency of the petition must be determined from its face.  It can not be aided by any statement or recital contained in any exhibit filed with it.  In this case the petition can not be aided by any statement or recital contained in the bond, or any indorsement thereon, or by anything contained in the alleged settlement made by the county court.  *Kern v. Ins. Co.*, 40 Mo. 19; *Pomeroy v. Fullerton*, 113 Mo. 440; *State ex rel. v. Samuels*, 28 Mo. App. 649; *Merrill v. Trust Co.*, 46 Mo. App. 236.

BRACE, P. J.—This is an appeal from a judgment of the circuit court of Hickory county sustaining a demurrer to the petition in an action by the plaintiff against the defendant R. N. Fugate and his sureties on

the bond of said Fugate, given as treasurer of said county, conditioned in the penal sum of $20,000, that the said Fugate "shall faithfully perform the duties of said office according to law."

The amended petition to which the demurrer was sustained, after alleging the election of said Fugate on the sixth of November, 1894, his qualification as treasurer, and the execution and delivery of said bond on the fourteenth of November, 1894, assigned the following breaches of the condition thereof.

"1.   Plaintiff states that the said Richard N. Fugate has failed to faithfully perform his duties as such treasurer, and has been guilty of the following breaches of said bond, or writing obligatory, to wit: That he has failed and refused to make settlement as such treasurer with the county court of said Hickory county, Mo., as required by law, though often requested and ordered so to do by the said county court · of Hickory county, Mo., and that thereupon the said county court, after due citation and notice to the said Richard N. Fugate to make settlement, in pursuance of the powers in it vested, made such settlement from the best information obtainable, and thereupon ascertained and found the several amounts due by him as hereinafter stated, and as will more fully appear from a copy of such settlement so made by the said county court and filed herewith and made a part thereof, and ordered the several sums found due to the several funds, paid over to the Hermitage Bank, of Hermitage, Hickory county, Mo., the duly and legally selected depository of Hickory county, Mo., which he has failed, neglected and refused to do.

"2.   Plaintiff, for another and further breach of said bond or writing obligatory, states that the defendant, Richard N. Fugate, has as such treasurer, during his term of office, collected and received the sum of

$157.51, witness fees, so found due as aforesaid, which said sum he has failed and refused to pay over, as required by law, to the Hermitage Bank, of Hermitage, Hickory county, Mo., the legally selected depository of said Hickory county, Mo., though often requsted and ordered so to do by the county court of said Hickory county, Mo., and that he has failed, neglected and refused to pay the same over to J. W. Montgomery, his successor in office, though directed and ordered so to do by the county court of Hickory county, Mo.

"3. Plaintiff, for another and further breach of said bond or writing obligatory, states that the defendant, Richard N. Fugate, as such treasurer, during his term of office collected the sum of $148.72, belonging to the county road and canal fund of said Hickory county, Mo., and that he has failed and refused to pay the same over as required by law, to the Hermitage Bank, of Hermitage, Hickory county, Mo., the legally designated depository of said Hickory county, Mo., though often requested and ordered so to do by the county court of Hickory county, Mo., and he has also failed, neglected and refused to pay the same over to J. W. Montgomery, his successor in office, though often requested and ordered so to do by the county court of said Hickory county, Mo.

"4. Plaintiff, for another and further breach of said bond or writing obligatory, states that the defendant, Richard N. Fugate, as such treasurer, during his term of office, collected the sum of $1,874.37 belonging to the county revenue fund of said Hickory county, Mo., and that he has failed, neglected and refused to pay the same over to the Hermitage Bank, of Hermitage, Hickory county, Mo., the legally designated depository of said Hickory county, Mo., though requested and ordered so to do by the county court of

said Hickory county, Mo., and that he has failed, neglected and refused to pay the same over to J. W. Montgomery, his successor in office, though often requested and ordered so to do by the county court of said Hickory county, Mo.

"5. Plaintiff, for another and further breach of said bond or writing obligatory, states that the defendant, Richard N. Fugate, as such treasurer, during his term of office, collected the sum of $106.41, belonging to the internal improvement fund of said Hickory county, Missouri, and that he has failed, neglected and refused to pay the same over to the Hermitage Bank, of Hermitage, Hickory county, Missouri, the legally designated depository of Hickory county, Missouri, though often requested and ordered so to do by the county court of Hickory county, Missouri, and that he has also failed, neglected and refused to pay the same over to J. W. Montgomery, his successor in office, though often requested and ordered so to do by said county court of Hickory county, Missouri.

"6. Plaintiff, for another and further breach of said bond or writing obligatory, states that the defendant, Richard N. Fugate, as such treasurer, during his term of office, collected the sum of thirty dollars, stenographer's fees belonging to the stenographer's fund of Hickory county, Missouri, and that he has failed, neglected and refused to pay the same over to the Hermitage Bank, of Hermitage, Missouri, the legally designated depository of said Hickory county, Missouri, though often requested so to do by the county court of Hickory county, Missouri, and that he has also failed, neglected and refused to pay the same over to J. W. Montgomery, his successor in office, though often requested so to do by the county court of said Hickory county, Missouri."

After thus assigning breaches of the condition of the bond, the petition continues, alleging in substance that the said J. W. Montgomery is the successor in office of the said Fugate and that the said Hermitage Bank was at the time of the collection of the several funds aforesaid the duly selected depository of Hickory county. That said Fugate as treasurer was the custodian of the school funds of said county, and as such collected in the aggregate the sum of $7,361.78, for which another action is now pending in said court. That he has deposited in the said bank the sum of $6,838.35 without designating to what fund the same shall be credited, and though often requested and ordered has refused and neglected to apportion the same, and that the county court in its said settlement has credited the amount so paid to the several funds on account of which it was paid *pro rata* in said settlement, and that the said Fugate has refused to pay the balance so found due to the various funds, to the depository or to his successor in office, the said Montgomery, though often requested and ordered so to do. That the moneys alleged in the petition to have been collected by the said Fugate were collected by him as treasurer during his term of office as such and that the same with interest and penalties thereon remain due and unpaid. Wherefore judgment is prayed for the penalty of the bond, etc.

The grounds of the demurrer are as follows:

1. Said petition does not state facts sufficient to constitute a cause of action.

2. A large number of separate and distinct causes of action are improperly joined in one count.

3. A large number of causes of action, with which these defendants, nor the bond sued on, have no connection, is improperly joined in this action.

4. Said petition fails to state that any warrant has been drawn by the county court for the amount alleged to be due.

5. Said petition fails to state that the county court has ordered this suit to be brought, or made any order which would authorize the bringing of the suit.

6. The petition alleges that the treasurer has paid into the depository more money than it alleges he is responsible for under this bond.

7. There is no itemized statement of the account of the treasurer with plaintiff, nor anything else that informs defendants of what the alleged shortage consists.

8. The petition wholly fails to allege that any money came into the hands of the treasurer during the term covered by this bond, or after its execution, nor does it aver when, or from whom such money was received by the treasurer.

9. The petition is simply a mass of verbiage, out of which it is impossible to attain an idea of where the pleader was when he drafted it, or what he is asking the court to do, further than that he wants a judgment against the defendants, and asks the court to endeavor to ascertain the existence of a cause of action.

I. It appears from the record that this action was commenced on the —— day of April, 1896, that at the May term, 1896, of the Hickory county circuit court, a demurrer to the petition therein was sustained, and leave given to file an amended petition. That afterward, at the November term, 1896, of said court, a demurrer to the amended petition filed in pursuance of such leave was overruled, and thereupon, upon motion of defendants the plaintiff was required to make the same more definite and certain. In obedience to which order the amended petition in question was filed on the eighteenth of January, 1897. In this state of the rec-

ord the only question before us is whether the amended petition is defective for the reasons stated in the demurrer. In the determination of which we can not look beyond the petition to any exhibits filed therewith to supply its defects (*Pomeroy v. Fullerton*, 113 Mo. 440), or beyond the demurrer for reason why it should be sustained. *Almutt v. Leper*, 48 Mo. 319.

II. By statute it is made the duty of the county treasurer to settle his accounts with the county court semiannually at its first and third regular terms in each year, "and at the end of his term" . . . . . . . he "shall immediately make such settlement and deliver to his successor in office all things pertaining thereto, together with all money belonging to the county." R. S. 1889, sec. 3175; also, after the county court shall have by order designated a depository of the funds of the county, "immediately upon the making of said order to transfer to said depository all the funds belonging to said county or the school districts of said county and immediately upon the receipt of any money thereafter, to deposit the same with said depository to the credit of said county." Sess. Acts 1891, p. 104, sec. 3216.

While the petition is loosely drawn, and contains some unnecessary allegations of mere evidential or explanatory matters, yet by taking its language in its plain and ordinary meaning and giving it such an interpretation as fairly appears to have been intended by its author, as is now the rule in code pleading (*Stillwell v. Hamm*, 97 Mo. 579), it becomes easily apparent that the petition states a single cause of action on the treasurer's bond, assigning several distinct breaches of the condition thereof. These breaches are well assigned, as is evident from the statutes cited. As it was the duty of the treasurer to deposit the moneys which the petition alleges he collected with the depository designated

by the county court, and to turn the sa me over to his successor, there was no necessity of alleging that a warrant was drawn authorizing him so to do.   That he collected the moneys during his term of office and failed to deposit, or turn them over to his successor, as was his duty under the law, is sufficiently alleged.   For his failure so to do a right of action accrued to the county. This action is brought by the county and the petition is signed by reputable attorneys in behalf of the county. We know of no law or practice which requires that their authority to so bring it in behalf of the county should affirmatively appear upon the face of the petition.   The statement in the petition in regard to school moneys collected and deposited by the treasurer were unnecessary and simply evidential in its character and detract nothing from the breaches assigned which are specific enough, designating separately each fund and the amount thereof which the treasurer has failed to deposit or turn over.   Upon none of the grounds stated in the demurrer can the action of the court in sustaining the same be upheld.   The judgment is therefore reversed and the cause remanded for trial.   ROBINSON and WILLIAMS, JJ., concur.