THE STATE ex rel. GREENE COUNTY, Appellant, v. GRANT G. LYDY et al.

In Banc, April 23, 1912.

**PLEADING: Demurrer: Failure to File Bond Sued On: Probate Judge.** The failure of the county to file with its petition the official bond of the probate judge sued on or to file a copy of such bond with the petition, in a suit to compel the probate judge to pay into the county treasury the fees collected by him in excess of the amount of the salary of the circuit judge, cannot be raised by a demurrer to the petition.

Appeal from Greene Circuit Court.—*Hon. Alfred Page*, Judge.

REVERSED AND REMANDED (*with directions*).

*James H. Mason* and *Neville & Gorman* for appellant.

*J. T. White* and *Hamlin & Seawell* for respondents.

BROWN, J.—The issues in this case are precisely the same as those decided by this court In Banc in State ex rel. Buchanan County v. Imel, at this term, 242 Mo. 293, except that in the case at bar judgment was rendered in favor of defendant Lydy upon a demurrer which, in addition to assailing the constitutionality of part of section 10695, Revised Statutes 1909, also alleges that no bond is filed with said petition, nor is a certified copy thereof filed.

The failure of the plaintiff to file with its petition the official bond given by the defendant as judge of the probate court of Greene county or to file a copy of such bond with its petition, cannot be raised by demurrer. [Hannibal & St. Joe Railroad Company v. Knudson, 62 Mo. 569, l. c. 571; State ex rel. Gilbert v. Eldridge, 65 Mo. 584, l. c. 586; Christie v. Railroad, 94 Mo. l. c. 456.]

As the plaintiff's petition states a cause of action against the defendant, we will reverse the judgment of the circuit court of Greene county and direct it to overrule defendant's demurrer and try the cause pursuant to the law as announced in our opinion filed in the case of State ex rel. Buchanan County v. Imel, supra.

It is so ordered. All concur except *Woodson* and *Graves, JJ.*, who dissent.